BUCHALTER NEMER
A Professional Corporation
JESSIE K. REIDER (SBN: 237113)
RUSSELL ALLYN (SBN: 143531)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: jreider@buchalter.com

Attorneys for Plaintiff and Counter-Defendant,
SHANE HUNTER, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE HUNTER, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FOREVER 21, INC., a Delaware corporation;<br>DOES 1-10,<br><br>　　　　Defendant.<br>_____<br>FOREVER 21, INC., a Delaware corporation,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>SHANE HUNTER, LLC, a California limited liability company,<br><br>Counter-defendant. | Case No. CV09-9454 CAS (CWx)<br><br>**PROTECTIVE ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　　　BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their

representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Overview:** Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" of "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. **Material Designated As "Confidential":** The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as consists of any commercially sensitive and/or confidential financial or business information, including but not limited to purchase records, sales records, item profitability reports, pricing methods, and confidential contracts. The parties, or some of them, may request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be harmful to the parties, or any of them, that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3. **Disclosure Of "Confidential" Materials:** No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a) the parties to this action and Protective Order, including their employees;

///

1  (b) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(c) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any employee or agent of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

(e) any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action and their support personnel;

(g) the Court and its support personnel;

(h) any mediator or settlement officer, whom the parties have elected or consented to preside over the case; and

(i) as required by law or court order upon written notice to the designating party at least fourteen (14) days in advance of such disclosure to permit it to seek a protective order.

4. **Material Designated As "Confidential/Attorneys' Eyes Only":** The person or party disclosing or producing any given Discovery Material may designate material as "Confidential/Attorneys' Eyes Only" only if it has not been made public and falls into one of the following categories:

a) confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and

strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party;

    b)    financial information of the type that would ordinarily not be disclosed in sources available to the public;

    c)    terms of contracts with the companies' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers;

    d)    specific proprietary product formulas or proprietary manufacturing processes; and

    e)    product concepts in development that have not been launched into the market.

The parties will suffer prejudice or harm in the event all of the aforementioned categories of documents are not given protection via a protective order, including but not limited to: the release of their trade secrets and other proprietary information, release of sensitive information as to their suppliers and/or customers, damage to their business reputation, loss of business advantage over their competitors, possible loss of market share, among others.

5.    **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:** No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

    a)    outside attorneys retained specifically for this action, and employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

    b)    outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or

1  providing opinions to assist, in any way, in this litigation and to whom it is
2  reasonably necessary to disclose such Confidential Discovery Material, provided
3  (1) such person has first executed a Non-Disclosure Agreement in the form annexed
4  as an Exhibit hereto; and (2) the procedure in Paragraph 8 has been followed;

5        c)    Any employee or agent of any sender or recipient of the
6  document (e.g. where a Purchase Order from Company A to Company B is
7  produced in litigation by Company A, said document may be disclosed to
8  employees or agents of Company B under the terms of this Protective Order).

9        d)    stenographers engaged to transcribe depositions conducted in
10  this action;

11        e)    the Court and its support personnel

12        f)    any mediator or settlement officer, whom the parties have
13  elected or consented to preside over the case, and/or

14        g)    as required by law or court order upon written notice to the
15  designating party at least fourteen (14) days in advance of such disclosure to permit
16  it to seek a protective order.

17    6.    **Deposition Transcripts:**  With respect to the Confidential potion(s) of
18  any Discovery Material other than deposition transcripts and exhibits, the
19  producing person or party or that person's or party's counsel may designate such
20  portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping
21  or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes
22  Only" the protected portion(s) in a manner that will not interfere with legibility or
23  audibility.  With respect to deposition transcripts and exhibits, a producing person
24  or party or that person or party's counsel may indicate on the record that a question
25  calls for Confidential Information, in which case the transcript of the designated
26  testimony shall be bound in a separate volume and marked "Confidential
27  Information Governed by Protective Order" by the reporter.

28

1    7.    **Documents Under Seal:**  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable).  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

8.    **Separate Non-Disclosure Agreements:**    The right of any outside experts or outside consultants to receive any information designated as "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an outside expert or consultant shall provide the producing party with the name and curriculum vitae of the proposed expert or consultant, and an executed copy of a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, in advance of providing any information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY by the producing party to the expert or consultant.  Any objection by the producing party to an outside expert or consultant receiving information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY shall be made in writing within fourteen (14) days following receipt of the identification of the proposed expert or consultant.  Information designated as CONFIDENTIAL/ATTORNEYS' EYES ONLY may be disclosed to an expert or consultant if the fourteen (14) day period has passed and no objection has been

1  made. The approval of outside experts or consultants shall not be unreasonably
2  withheld.  Compliance with this section is not required for a producing party to
3  show information it has designated as CONFIDENTIAL/ATTORNEYS' EYES
4  ONLY to its own outside expert or outside consultant.

5        9.  **Failure To Designate:**  If at any time prior to the trial of this action, a
6  producing person or party realizes that some portion(s) of Discovery Material that
7  that person or party previously produced without limitation should be designated as
8  "Confidential" and/or "Confidential /Attorneys' Eyes Only", they may so designate
9  by so apprising all parties in writing, and providing said parties with appropriately
10 marked copies of said Discovery Material, where possible, and such designated
11 portion(s) of the Discovery Material will thereafter be treated as "Confidential"
12 and/or "Confidential/Attorneys' Eyes Only" under the terms of this Order.

13       10.  **Designations In Good Faith:**  "Confidential" and/or
14 "Confidential/Attorneys' Eyes Only" material shall only include information which
15 the designating party in good faith believes will, if disclosed, have the effect of
16 causing harm to its competitive position.

17       11.  **Objections To Designations:**  Any party who either objects to any
18 designation of confidentiality, or who, by contrast, requests still further limits on
19 disclosure (such as in camera review in extraordinary circumstances), may at any
20 time prior to the trial of this action serve upon counsel for the designating person or
21 party a written notice stating with particularity the grounds of the objection or
22 request.  If agreement cannot be reached promptly, counsel for the objecting party
23 may seek appropriate relief from the Court in accordance with Local Rule 37 and
24 the party asserting confidentiality shall have the burden of proving the designation
25 is appropriate.  If a party disagrees with or challenges the grounds or basis for the
26 designation of any document or information as Confidential Material, that party
27 nevertheless shall treat and protect such material as Confidential Material in
28 accordance with this Protective Order unless and until all parties shall have agreed

in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12. **Use At Trial:** The parties shall meet and confer to determine how best to handle documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" at trial and will present their agreement, or respective positions if no agreement can be reached on this issue, to the trial judge at the final status conference.

13. **Continuing Jurisdiction:** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. **Obligations Upon Termination Of Litigation:** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, the producing party may require that all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies thereof, to be destroyed. Counsel, however, shall be entitled to maintain an archival copy of all pleadings, discovery and work product in this action.

15. **Further Modifications:** Any party to this action may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

16. **No waiver:** This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or

1  nonconfidentiality of any such document or information or altering any existing
2  obligation of any party or the absence thereof
3  **IT IS SO ORDERED.**
4
5  DATED:     June 8, 2010
6                                              By: _____
7                                                     Honorable Carla Woehrle
                                                      United States Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## **NON-DISCLOSURE AGREEMENT**

1. I, _____, have read the foregoing Protective Order entered in the action entitled *Shane Hunter, LLC v. Forever 21, Inc.*, Case No. CV09-9454 CAS (CWx) on _____[Date]_____, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as Confidential or Confidential/Attorneys' Eyes Only Information that is furnished to me as set forth in the Order.

2. I further agree not to disclose to anyone and not to make any copies of information, documents or materials designated by the parties and/or nonparties as Confidential Information furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Order and the punishment of violations thereof.

Dated:_____

By:_____